**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 22-70126-smr |
| JET OILFIELD SERVICES, LLC, | § | |
| | § | Chapter 11 |
| Debtor | § | |
| | § | |
| JET OILFIELD SERVICES, LLC | § | Adv. No. 23-____-smr |
| Plaintiffs | § | |
| v. | § | |
| | § | |
| BRIDGE FUNDING CAPITAL, LLC | § | |
| Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Jet Oilfield Services, LLC ("Jet") hereby files its Original Complaint and would show as follows.

1. The Court has jurisdiction over this suit pursuant to 28 U.S.C. §1334.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H).

3. Jet consents to entry of a final order on this claim.

4. Bridge Funding Capital, LLC is a New York limited liability company which may be served by serving its registered agent, GEL Funding, LLC, 5308 13th Avenue, Suite 324, Brooklyn, NY 11219.

**Facts Relevant to Claim**

1. Jet Oilfield Services, LLC was formed as a Texas limited liability company on August 28, 2018. Its certificate of formation stated that it would be governed by its managers.

2. Jet originally had three members: Thomas Smith, Lorne Mosely and Brandon Wilkins. The three founders were involved in the operation of the business. Brian Owen was subsequently brought in as a member to contribute capital to the business.

3. On or about September 17, 2019, the four members entered into an Amended and Restated Company Agreement of Jet Oilfield Services, LLC.

4. Under the Amended and Restated Company Agreement, Brian Owen was required to make an additional capital contribution equal to $3,000,000 on or before March 16, 2020.

5. Under the Amended and Restated Company Agreement, "incurring any debt on behalf of the Company (except for trade debt incurred in the ordinary course of the Company's business and due within twelve (12) months or debt permitted by the Company's budget)" was defined as a "Major Decision." In order to enter into a Major Decision, a member would have to give thirty days' notice to the other members without receiving objection.

6. The company was to be managed by managers. Each of the three founders excluding Brian Owen were managers. The members were not authorized to participate in management. The effect of this provision was that Brian Owen was not authorized to participate in management.

7. The managers were not authorized to guaranty a debt of a third party without the unanimous consent of the members.

8. In August and September 2022, Brian Owen entered into a series of agreements with Merchant Capital Advance lenders in which he purported to bind Jet. These included:

   a. Canon Advance, LLC dated August 11, 2022 in the amount of $2,999,999.00;

   b. Premier Fund US dated August 12, 2022 in the amount of $3,357,900.00;

   c. Reliance Financial dated August 29, 2022 in the amount of $4,512,000; and

   d. Spin Capital dated September 14, 2022 in the amount of $4,500,000 ("Spin Agreement").

9. Jet did not receive any funds from any of the Merchant Cash Advance funding obtained by Mr. Owen.

10. The Merchant Cash Advance funding was concealed from the other members and managers of Jet.

11. Upon information and belief, Mr. Owen used the funds obtained from the Merchant Capital Advance loans for his personal gambling addiction.

12. Mr. Owen apparently engaged in a similar scheme with RWDY, LLC which filed Case No. 22-11308 in the United States Bankruptcy Court for the Western District of Louisiana.

13. At the direction of Brian Owen, Jet made the following payments to Defendant to its account with Flagstar Bank, N.A. in New York, NY ("the Transfers"):

| Date | Amount |
| --- | --- |
| 09/26/22 | $40,000.00 |
| 09/27/22 | $40,000.00 |
| 09/28/22 | $40,000.00 |
| 09/29/22 | $40,000.00 |
| 09/30/22 | $40,000.00 |
| 10/3/22 | $40,000.00 |
| 10/4/22 | $40,000.00 |
| 10/5/22 | $40,000.00 |
| 10/6/22 | $40,000.00 |
| 10/7/22 | $40,000.00 |

| | |
|---|---|
| 10/11/22 | $40,000.00 |
| 10/11/22 | $40,000.00 |
| Total | $480,000.00 |

14. On August 31, 2023, the United States Bankruptcy Court for the Western District of Texas entered an Order Confirming Debtor's Amended Plan of Reorganization dated August 28, 2023. Under para. 6.01 of the Confirmed Plan, Debtor retained and preserved the right to bring claims and causes of action under Chapter 5 of the Bankruptcy Code.

### FIRST CAUSE OF ACTION—RECOVER FRAUDULENT TRANSFERS

15. Jet made the Transfers to Defendant.

16. The Transfers were made with actual intent to hinder, delay or defraud the creditors of Jet for the reason that the Transfers depleted Jet's cash and left it unable to pay its ongoing obligations as part of a scheme by Brian Owen to divert Jet's property for his personal purposes.

17. Jet received less than reasonably equivalent value for the Transfers for the reason that Jet had not entered into a business transaction with Defendant.

18. Jet was insolvent at the time of the Transfers as shown by the fact that it filed for bankruptcy protection on October 12, 2022 just one day after the final transactions.

19. Jet seeks to avoid the Transfers to Defendant pursuant to 11 U.S.C. §548(a)(1)(A) and (B).

20. Jet seeks to recover the Transfers from Defendant as an initial transferee under 11 U.S.C. §550. Jet reserves the right to amend to seek recovery from any immediate or mediate transferees from Defendant.

WHEREFORE, PREMISES CONSIDERED, Jet Oilfield Services, LLC prays that the Court enter judgment avoiding transfers in the amount of $480,000.00 to Defendant and that Jet recover such transfers from Defendant together with prejudgment and postjudgment interest and costs of court.

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expressway., Suite 400
Austin, Texas 78731
(512) 476-9103
(512) 279-0310 (Facsimile)
ssather@bn-lawyers.com
phammer@bn-lawyers.com

By: /s/*Stephen W. Sather*
Stephen W. Sather
State Bar No. 17657520
**ATTORNEY FOR PLAINTIFF**